UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TEEJ W. CUMMINS,

      Plaintiff,

                                       Civil Action 2:10-cv-00108
vs.                               Magistrate Judge E. A. Preston Deavers

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

      Defendant.

<u>**ORDER**</u>

      This is a case arising under the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff, Teej W. Cummins, brought this action against Defendant, Liberty Life Assurance Company of Boston ("Defendant"), asserting an ERISA claim for long-term disability benefits under 28 U.S.C. § 1132(a)(1)(B). This matter is before the Court for consideration of Plaintiff's Motion to Compel Limited Discovery (Doc. 14), Defendant's Opposition to Plaintiff's Motion to Compel (Doc. 15), Plaintiff's Reply (Doc. 18), Plaintiff's Motion to Strike Liberty Life's Opposition to Plaintiff's Discovery Motion (Doc. 16), and Defendant's Opposition to Plaintiff's Motion to Strike (Doc. 17). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Compel and **DENIES** Plaintiff's Motion to Strike.

**I.**

      On June 15, 2010, Plaintiff filed the subject Motion to Compel Limited Discovery (Doc. 14). Plaintiff asserts that Defendant operates under a conflict of interest because it acts as both

the administrator determining eligibility for benefits and the insurer responsible for paying the benefits out of its own pocket.  Plaintiff seeks limited discovery to obtain information relating to Defendant's alleged history of biased claims administration.  Plaintiff also seeks limited discovery to obtain information regarding Drs. Bomar, Kaplan, Brown, and Klein, Defendant's medical experts, such as whether or not statistical evidence suggests that when Defendant retains these medical experts, they have consistently opined that claimants are not disabled.  Plaintiff's allegation that these medical experts are biased is based in part upon the May 1, 2008 letter that medical expert Dr. Bomar sent to Plaintiff's treating physician, Dr. Kantor ("Bomar Letter").  Specifically, Plaintiff asserts that Dr. Bomar's use of Defendant's letterhead, his reference to himself as "an independent consultant *at* Liberty Mutual," and the Bomar Letter's notation of Defendant's "Group Market Clinical Services," all support his belief of bias.  (Pl.'s Mot. to Compel 2–3 (citing Bomar Letter, Ex. B) (emphasis added).)  Plaintiff's allegation of bias is also based upon his assertion that the doctors who actually examined him, Drs. Kantor, Pongonis and Smith, found him to be disabled as compared to the doctors Defendant hired, who did not physically examine Plaintiff and who found him not to be disabled.  Plaintiff set forth the discovery he seeks as follows:

> Plaintiff would like to propound discovery upon Defendant which would include, but not limited to the following requests.  Plaintiff believes that information as to Defendant's bias in handling Plaintiff's claim is contained in Defendant's post-claim underwriting that provides the basis for the decision denying Plaintiff's claim.  In addition, Plaintiff believes that Defendant has information as to the number of times it has used Dr. Bomar, Dr. Kaplan, Dr. Brown, and Dr. Kelien, and also the number of times each expert decided a claimant was not entitled to continued disability benefits.  Plaintiff would like to seek discovery if Defendant at any time relevant to this case, used any type of incentive, bonus, or reward program or system, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims.  Lastly, Plaintiff would like to reiterate that the above list is not exhaustive and requests that this Honorable Court help facilitate the discovery process by providing guidance regarding the

kinds of information it considers discoverable.

(Pl.'s Mot. to Compel 4–5 (internal citations omitted)).

On July 12, 2010, Defendant filed its Memorandum in Opposition (Doc. 15).  Defendant resists discovery, asserting that Plaintiff's allegations of bias do not support the broad evidentiary exploration Plaintiff seeks.  Instead, Defendant submits that the Court should conclude that *Wilkins v. Baptist Healthcare System, Inc*., 150 F.3d 609, 619 (6th Cir. 1998), operates to preclude discovery under the circumstances presented in the instant case.

On July 19, 2010, Plaintiff moved to strike Defendant's opposition to its Motion to Compel based upon Defendant's failure to file its opposition within the time provided by Southern District of Ohio Local Civil Rule 7.2(a)(2).  (Doc. 16).  On the same day, Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Strike (Doc. 17), acknowledging that it failed to file its opposition brief within Local Civil Rule 7.2(a)(2)'s prescribed twenty-one days, but requesting that the Court nonetheless consider its opposition memorandum because Defendant's six-day delay did not cause Plaintiff suffer any prejudice.

## II.

### A.    Motion to Strike

As a preliminary matter, the Court **DENIES** Plaintiff's Motion to Strike (Doc. 16).  Local Civil Rule 7.2(a)(2) provides in pertinent part:

> Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion. Failure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees. . . .  No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown.

S.D. Ohio Civ. R. 7.2(a)(2).  Although the Rule requires a party submitting untimely memoranda

to first demonstrate "good cause," Local Civil Rule 7.2(a)(2) "is permissive, not mandatory; whether to strike [untimely memoranda] is within the sound discretion of this Court." *Powell v. Morris*, 184 F.R.D. 591, 594 (S.D. Ohio 1998).  Indeed, this Court has often declined to strike late or otherwise non-compliant memoranda for various reasons.  *See e.g.*, *Powell*, 184 F.R.D. at 594 (declining to strike where opposing party "suffered no undue prejudice" from the delay); *Watson v. Online Computer Library Ctr., Inc.*, No. 2:05-cv-18, 2006 WL 2052080, at *3 n.2 (S.D. Ohio May 9, 2006) (declining to strike "in the interest of judicial economy"); *Midwest Sports Medicine & Orthopedic Surgery, Inc. v. U.S.*, No. C-C-95-443, 2000 WL 1692947, at *1 n.2 (S.D. Ohio Sept. 19, 2000) (declining to strike where opposing party had the opportunity to and did address the arguments raised in the late filing); *Blankenship v. Parke Care Ctrs., Inc.*, 913 F.Supp. 1045, 1049 (S.D. Ohio 1995) (declining to strike where the court "had not begun to consider" the pending motions).  Here, as Defendant notes, Plaintiff has suffered no prejudice from Defendant's six-day delay in filing his Opposition Memorandum.  Plaintiff had the opportunity to and did fully respond to the arguments Defendant raises in his brief.  Finally, the Court had not yet begun its review of Plaintiff's Motion to Compel when Defendant filed the untimely memorandum.  Thus, the Court declines to strike Defendant's Opposition Memorandum.

## B.    Motion to Compel

Because the information Defendant seeks to discover is nonprivileged and relevant, the Court **GRANTS** Plaintiff's Motion to Compel Limited Discovery (Doc. 14).  The Federal Rules of Civil Procedure generously permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Generally, a district court, in adjudicating the merits of an ERISA denial of benefits claim, cannot consider evidence

4

outside of the administrative record.  *Wilkins*, 150 F.3d at 619.  Consequently, matters outside

the record are generally not relevant or discoverable.  *See id*.; Fed. R. Civ. P. 26(b)(1).  "An

exception is recognized, however, when evidence outside the record 'is offered in support of a

procedural challenge to the administrator's decision, such as an alleged lack of due process

afforded by the administrator or alleged bias on its part.' "  *Johnson v. Connecticut General Life

Ins*. *Co*., 324 Fed.Appx. 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619).  In

instances involving such challenges, evidence outside the record may be relevant and

discoverable; *see id*.; Fed. R. Civ. P. 26(b)(1).  Here, Plaintiff asserts that discovery is available

under this exception, referencing Defendant's conflict of interest and his allegations of medical

expert bias.

The United States Supreme Court, in *Metropolitan Life Insurance Company v. Glenn*,

128 S.Ct. 2343 (2008), made clear that a plan administrator who is a professional insurance

company operates under a conflict of interest when it serves the dual role of an ERISA plan

administrator and payor of plan benefits.  128 S.Ct. at 2349–50.  The *Glenn* Court proceeded to

consider how this conflict "should be taken into account on judicial review of a discretionary

benefit determination."[1]  *Id*. at 2350–51 (internal quotation marks and citation omitted).  First,

---

[1]In the instant case, the parties have failed to indicate whether the benefit plan at issue in
this case vests Defendant with discretionary authority to determine eligibility for benefits or to
construe the terms of the plan.  Further, the Court is unable to make an independent
determination on this issue because the parties have not yet filed the administrative record.  The
Court, however, presumes that the at-issue benefit plan vests Defendant with discretion, given
that Defendant has not asserted that the entire subject of a conflict of interest lacks relevance
because the Court must conduct a *de novo* review when such discretion is lacking.  *Cf. Firestone
Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (quoting Restatement § 187 Comment *d*,
alteration omitted) ("[I]f a benefit plan gives discretion to an administrator or fiduciary who is
operating under a conflict of interest, that conflict must be weighed as a 'factor in determining
whether there is an abuse of discretion.' ").

the Court noted that the existence of such a conflict does not change the standard of review or make it necessary "for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id*. The Court then concluded that the structural conflict of interest created by the administrator's dual roles is a relevant consideration, among several case-specific considerations, lower courts should consider, with the significance of such a conflict to depend on the circumstances of each case. *Id*. at 2351. The Court explained as follows:

> In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance. The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Id*. (internal citations omitted).

Following *Glenn*, in *Johnson v. Connecticut General Life Insurance Company*, the United States Court of Appeals for the Sixth Circuit considered the propriety of a district court's decision to allow limited discovery concerning the conflict of interest created when an employer utilizes dual-role administrators under an ERISA plan. 324 Fed.Appx. at 465–67. The *Johnson* Court first cited with approval Sixth Circuit precedent holding that "a mere allegation of bias is not sufficient to permit discovery under *Wilkins*' exception." *Id*. at 466 (citing *Putney v. Med. Mut. of Ohio*, 111 Fed.Appx. 803, 807 (6th Cir. 2004); *Likas v. Life Ins. Co. of N. Am.*, 222 Fed.Appx. 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 Fed.Appx. 493, 504

6

(6th Cir. 2008)).  Citing *Glenn*, the *Johnson* Court nevertheless rejected the defendant's

contention that Sixth Circuit precedent should be interpreted to impose a threshold evidentiary

showing of bias as a prerequisite to discovery under *Wilkins*.  *Id*. at 466.  The *Johnson* Court also

rejected the notion that *Glenn* permits discovery automatically in instances where the defendant

is both the administrator and the payor.  Instead, the Court indicated that "[d]istrict courts are

well-equipped to evaluate and determine whether and to what extent limited discovery is

appropriate in furtherance of a colorable procedural challenge under *Wilkins*."  *Id*. at 467.  The

*Johnson* Court concluded that the district court did not abuse its discretion in allowing the

plaintiff to conduct limited discovery concerning the conflict because the plaintiff had "offered

more than a mere allegation of bias."[2]  *Id*.

As in *Johnson*, in the instant case, Plaintiff has offered more than a mere allegation of

bias.  Specifically, Plaintiff has offered evidence suggesting that a significant financial

relationship exists between Defendant and its medical experts, all of whom found Plaintiff not to

be disabled without an examination, based on a paper review, as compared to all of Plaintiff's

treating and examining physicians, who found Plaintiff to be disabled.  Under these

circumstances, the Court finds that discovery concerning the conflict of interest and the alleged

bias is relevant.  *See*, *e.g.*, *DeLisle v. Sun Life Assur. Co. of Canada*, 558 F.3d 440, 445 (6th Cir.

2009) ("[W]hen a plan administrator both decides claims and pays benefits, it has a clear

incentive to contract with consultants who are inclined to find that a claimant is not entitled to

benefits." (internal quotation marks and citation omitted)); *Kalish v. Liberty Mutual/Liberty Life*

_____

[2]The district court judge in *Johnson* found the plaintiff's showing of a "financial
relationship between the insurer and the reviewer" an adequate initial threshold showing of
prejudice.  *Johnson v. Connecticut General Life Ins. Co*., No. 5:07-cv-167, 2007 WL 2993920, at
*2 (N.D. Ohio Oct. 11, 2007).

*Assurance*, 419 F.3d 501, 507 (6th Cir. 2005) (same); *Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 292 (6th Cir. 2005) (same).  Thus, Plaintiff has a right to obtain limited discovery regarding Defendant's conflict of interest and alleged bias.  *See Johnson*, 324 Fed.Appx. at 466 (noting that even prior to *Glenn*, the Sixth Circuit has acknowledged that discovery might have been appropriate under the circumstances presented in *Kalish* and *Calvert*).

In his Motion, Plaintiff sets forth a non-exhaustive list of topics on which he intends to seek discovery and asks the Court for guidance in identifying additional topics the Court finds discoverable.  In *Busch v. Hartford Life and Accident Insurance Co.*, No. 5:10-00111-KKC, 2010 WL 3842367 (E.D. Ky. Sept. 27, 2010), the court set forth "a running list of permitted areas of inquiry" that district courts within the Sixth Circuit have developed when an ERISA plaintiff is allowed to conduct discovery related to an inherent conflict of interest.  2010 WL 3842367 at *4 (citations omitted).  The list reads as follows:

> (1) "Incentive, bonus, or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims," *Myers v. Prudential Ins. Co. of America,* 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008).
>
> (2) Contractual connections between Hartford and the reviewers utilized in the plaintiff's claim, and financial payments paid annually to the reviewers from Hartford. *Pemberton v. Reliance Standard Life Ins. Co*, No. 08-86-JBC, 2009 WL 89696 at *3 (E.D. Ky. Jan. 13, 2009).
>
> (3) "Statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted." *Id.*
>
> (4) "Statistical data concerning the number of times the reviewers found claimants able to work in at least a sedentary occupation or found that the claimants were not disabled." *Id.*
>
> (5) "Documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claim)." *Bird v. GTX, Inc.*, No. 08-2852-JPM-cgc, 2009 WL 3839478, at *3 (W.D. Tenn. Nov. 13, 2009) (citing *McQueen v. Life Ins. Co. of N.*

*America*, 595 F.Supp.2d 752, 755–56 (E.D. Ky. 2009)).

*Id*.  Additionally, the *Johnson* Court found that the district court did not err in allowing "limited discovery into the post-claim underwriting that provided the basis for the decision denying plaintiff's claim for benefits."  *Johnson*, 324 Fed.Appx. 459, 467 n.6.  This Court agrees that all of the foregoing topics are permissible topics for discovery pertaining to a defendant's conflict of interest and alleged bias.  Here, each of Plaintiff's proposed topics falls within one of the approved categories.  Thus, Plaintiff is entitled to the limited discovery he requests.  The Court notes, however, that the scope of the discovery into any of these topics is narrow.

### III.

For the foregoing reasons, the Court the Court **DENIES** Plaintiff's Motion to Strike (Doc. 16) and **GRANTS** Plaintiff's Motion to Compel Limited Discovery (Doc. 14).  Pursuant to the Court's May 19, 2010 Preliminary Pretrial Order (Doc. 13), the Court will Notice this case for another pretrial conference to establish remaining deadlines.

**IT IS SO ORDERED.**

November 19, 2010                                          /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge

.